MINNIE C. HARDY v. WILLIAM R. KENDRICK, CIRCUIT JUDGE OF SAGINAW COUNTY.

MANDAMUS—POWER OF CIRCUIT COURT TO ISSUE TO PROBATE JUDGE.

Relator, as one of the heirs of John Hardy, deceased, applied for *mandamus* to compel the respondent to hear and decide upon the merits her application to the circuit court of Saginaw county for *mandamus* to compel the probate judge of said county to issue a citation for the examination of one John Heenan as to his knowledge of any assets belonging to the estate of said decedent not administered upon. An order to show cause was granted, a hearing had on petition and answer, and on December 4, 1896, the respondent was ordered to proceed to hear said application and decide the same upon the merits.

*Barnes & Race* and *Robert Holland,* for relator, contended:

1. That section 8, art. 6, of the Constitution, was amended in 1893 so as to extend the jurisdiction of the circuit courts to issue writs of *habeas corpus, mandamus,* injunction, *quo warranto, certiorari,* and other writs necessary to carry into effect their orders, judgments, and decrees, and give them general control over inferior courts and tribunals within their respective jurisdiction to all such other cases and matters as the Supreme Court should by rule prescribe; that after the adoption of said amendment Circuit Court Rule No. 107 was adopted, which reads as follows:

"Circuit courts shall have jurisdiction within their respective counties in all *mandamus* proceedings involving the action of any officer or board of any county, township, city. or school district or of the common council of any city or village, and the action of any private corporation or officer or board thereof. Said circuit courts shall also have jurisdiction to issue writs of *certiorari* in all cases where they may now be issued by the Supreme Court to probate courts, circuit court commissioners, and justices of the peace or any corporate body or officer thereof. Writs of *certiorari* and orders to show cause in cases of *mandamus* shall be made returnable and service thereof made within such time as the circuit courts shall upon each application direct."

[Rule No. 47 of the Michigan Revised Rules of Practice readopts Circuit Court Rule No. 107, and further provides that orders to show cause in *mandamus* proceedings may be made by the court, or in vacation by the judge thereof; that all material allegations of the petition for *mandamus* not specifically answered may be taken as admitted to be true as alleged, and that all *mandamus* proceedings shall stand for· hearing upon the return day of the writ without notice of trial or hearing, unless the court for cause shown shall order a postponement of such hearing. EDITOR.]

That Supreme Court Rule No. 65 (Rule No. 12, Revised Rules of Practice) provides for a review by the Supreme Court on *certiorari* of the decision of the circuit court allowing or denying a writ of *mandamus*.

2. That Circuit Court Rule No. 107 expressly confers upon the circuit court the power to issue a writ of *mandamus* in proceedings involving the action of any officer or board of any county; that this Court did not mean to decide in *Douvielle v. Manistee Co.*, 40Mich. 585, that the judge of probate was not an officer of the county, but simply that, being a judicial officer, his duties concerned the State at large and not merely the locality, and as such he should not be subjected to the legislative control of any body inferior to the State Legislature; that he is an officer is plain from the definition of that term in *Throop v. Langdon*, 40 Mich. 673, where it was said that an office is a special trust or charge created by competent authority;" that the judge of probate is an officer of the county, for he is repeatedly referred to in those terms in the statutes themselves; that in the statutes referring to the compensation of judges of probate occur the expressions "Judge of probate of the several counties" and "Judges of probate of their respective counties;" that this Court in Rule No. 107 used the language in the same sense as did the Legislature; citing How. Stat. § 9012-9014.

That in *Hitchcock v. Judge of Probate*, 99 Mich. 128, this Court assumed original jurisdiction of a proceeding to *mandamus* the judge of probate upon the express ground that the circuit judge was disqualified, having been of counsel in the cause, from which it may be reasonably inferred that in the case at bar this Court would have sent relator back to the circuit court of Saginaw county had she applied here in the first instance; that in *Bacon v. Judge* of *Probate*, 100 Mich. 183, this Court without objection assumed jurisdiction by *certiorari* to the circuit court to review its order denying a writ of *mandamus* to the probate court; that the question of the jurisdiction of the circuit court was not distinctly raised, but it would seem probable that if this Court had considered that the circuit court had no jurisdiction in the matter they would have declined to pass upon the merits of the question passed upon by the circuit judge.

3. That the respondent erred in assuming that he had no jurisdiction outside of said section of the Constitution as amended, and Circuit Court rule No. 107 before cited; that it was held in *People v. Circuit Judge*, 18 Mich. 247, that "where a *mandamus* issues to direct the action of a legal tribunal, proceeding in the course of justice, it is an exercise of supervisory judicial control, and is in the nature of appellate action;" that it

was held in *McBride v. Common Council*, 32 Mich. 360, that it was only intended by the section of the Constitution cited (before its amendment) to confer upon the circuit courts the power to issue the enumerated writs when "necessary to carry into effect their orders, judgments, and decrees, and to give them a general control over inferior courts and tribunals within their respective jurisdictions."

That probate courts are inferior courts subject to the review of the circuit court; citing *Railroad Co. v. Probate Judge*, 63 Mich. 676, 680; that this doctrine has never been questioned; that it follows that prior to the adoption of Circuit Court Rule No. 107, circuit courts had jurisdiction to issue writs of *mandamus* to judges of probate in the exercise of their supervision and control over inferior courts; that this jurisdiction was based upon the same constitutional provision as the jurisdiction to issue a common law writ of *certiorari* in the exercise of their supervision and control, which was sustained in *Thompson v. School District*, 25 Mich. 483.

*Humphrey & Grant*, for respondent, contended:

1. That the probate court is not an inferior court or tribunal within the meaning of section 8, art. 6, of the Constitution, so that the action of the judge of probate in matters pertaining to his court can be controlled by the writ of *mandamus* issued out of the circuit court.

2. That the circuit courts have no power to issue writs of *mandamus* generally; citing *McBride v. Grand Rapids*, 32 Mich. 360; that the only jurisdiction to be exercised over probate courts by circuit courts is by means of statutory appeal; citing *Holbrook v. Cook*, 5 Mich. 225; that under this view of the character and standing of probate courts, it is clear that prior to the amendment of section 8, art. 6, of the Constitution, circuit courts had no power to control the action of judges of probate by writs of *mandamus*; that this has been universally recognized in practice; that many cases can be found in the reports where the writ of *mandamus* has been issued from the Supreme Court to judges of probate court, but none where an attempt has been made to procure the writ from a circuit court.

3. That under Circuit Court Rule No. 107, a circuit court cannot issue a writ of *mandamus* against the judge of probate court unless it can be maintained that the judge of probate is an officer of

the county, the contrary of which was held in *Douvielle v. Supervisors*, 40 Mich. 585; that from the wording of the rule itself it is apparent that the Supreme Court did not intend to confer upon circuit courts the power to issue writs of *mandamus* in cases like the one at bar; that in that portion of the rule relating to writs of *certiorari*, it is expressly provided that the circuit court may issue such writs to probate courts, while in the portion of the rule relating to *mandamus* proceedings no mention is made of probate courts or judge, and the jurisdiction in such proceedings is expressly limited to other definitely named officers.

4. That in the case of *Hitchcock v. Probate Judge*, 99 Mich. 128, cited by relator's counsel, a petition was presented to the Supreme Court for *mandamus* to compel the respondent to vacate an order of the probate court; that in answer to the contention of counsel for the respondent that the application should have been made to the circuit court the Court said that "it appeared that the circuit judge was, before taking his seat upon the bench, one of the attorneys in the matter, and that the case was properly in that court;" that it may be claimed that it is to be inferred from this language that if the circuit judge had not been disqualified, the application should have been made to the circuit court; that this, however, is merely an inference; that it does not appear from the case that the question now raised was called to the attention of the court; that if the language used will bear such an inference it was used inadvertently and without considering the fact that there is no provision either in the Constitution, the statute or rules of court for circuit courts to issue writs of *mandamus* to the judge of probate courts.

The facts as established by the petition and answer were:

*a*—That on February 27, 1895, one John Hardy died at the city of Saginaw intestate; that administration of his estate was had in the probate court for Saginaw county.

*b*—That subsequently relator, as one of the heirs of said decedent, caused a citation to be issued from said probate court to one John Heenan for the purpose of examining him, before said probate court, as to certain property belonging, as alleged, to said estate and which had not been administered upon; that on the return day of said citation said John Heenan appeared before said probate court, and objected to being sworn and to answering such interrogatories as might be put to him touching his knowledge of the assets of said estate for the reason that an order had been entered closing said estate, whereby the probate court had no longer jurisdiction in the premises nor authority to take any steps or proceedings concerning said estate or to require said Heenan to answer such interrogatories, which objection was sustained by the judge of probate, and he refused to permit relator to examine said Heenan as to said property.

*c*—That relator thereupon applied to the circuit court of Saginaw county for *mandamus* to compel said judge of probate to issue a second citation requiring said Heenan to appear before him and answer under oath such interrogatories as might be put to him concerning his knowledge of said property; that an order to show cause was issued, and upon a hearing had upon petition and answer respondent denied relator's application for the *sole reason* that the circuit courts have no jurisdiction to issue writs of *mandamus* to the probate courts and the judges thereof.